UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

NATHAN NICHOLS, SR., )
)
    Plaintiff, ) Civil Action No. 13-CV-16-HRW
)
V. )
)
BOYD COUNTY DETENTION ) **MEMORANDUM OPINION**
CENTER, *et al.*, ) **AND ORDER**
)
    Defendants. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Nathan Joel Nichols, Sr., is an inmate confined in the Boyd County Detention Center ("BCDC") in Catlettsburg, Kentucky. Proceeding without an attorney, Nichols has filed a civil rights complaint [D. E. No. 1] asserting claims under 42 U.S.C. § 1983. By prior order, the Court has granted Nichols's motion to pay the filing fee in installments. [D. E. No. 4]

The Court must conduct a preliminary review of Nichols's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1

who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Nichols's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Nichols's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint, the Court must dismiss it with prejudice because none of the alleged conduct about which Nichols complains rises to the level of a constitutional violation.

## DISCUSSION

Nichols alleges that on August 1, 2012, he mailed three items to his sister: (1) a letter he had written to her; (2) a letter he had written to the Kentucky Department of Corrections ("KDOC"), and (3) a grievance complaining about money which Nichols claims the BCDC owed him. On August 28, 2012, that mailing was returned to Nichols for insufficient postage, but the returned envelope contained only the letter addressed to Nichols's sister. Nichols claims that someone at the BCDC had removed the grievance and had "...sealed my letter to DOC and sent it off." [D. E. No. 1, p. 2] Nichols alleges that unidentified BCDC officials violated his constitutional rights by holding his returned mail for almost a month after the post office determined it lacked

adequate postage; opening his returned mail; removing his grievance form; and sending his other letter to the KDOC without his knowledge.

Nichols also alleges that an unidentified BCDC deputy repeatedly referred to him and other African-American inmates as "Detroit," and that the deputy told white BCDC inmates he regretted having to place them in the "Detroit" cell (meaning the cell occupied by African-American inmates). [*Id.*, p. 2] Nichols alleges that by referring to him as "Detroit," the BCDC deputy was actually making an offensive racial comment which violated his constitutional rights.

Finally, Nichols alleges that he was placed in solitary confinement "...for talking about what jail administration didn't want to hear...." [*Id.*, p. 8, § VI]. Nichols provided no other information about his alleged placement in solitary confinement and identified no specific jails officials, but broadly construing his statement, he could be asserting a First Amendment retaliation claim.

Section IV of the complaint form asked Nichols to identify what, if any, steps he took to administratively exhaust his claims. Nichols gave conflicting responses. First, Nichols marked the "no" box in response to that question, indicating that he did not file grievances pursuant to the KDOC's exhaustion procedures. [*Id.*, p. 5, § IV (B)(1)] Nichols also states that he did not exhaust his claims because the BCDC changed the grievance forms and process by which it distributed grievance forms.

[*Id.*, § IV (B)(5)]

In other passages, however, Nichols indicates that he has filed one or more grievances, stating that on February 4, 2013, he had "...asked for a copy of each grievance I've filed with the jail...." [*Id.*, § IV (B)(4)] Nichols also states that he had asked Damon Matthews for a grievance, but that "If jail administration or Damon Matthews doesn't want an inmate to have a grievance form then you won't have one." [*Id.*, p. 6, § IV (C)(5)] Finally, Nichols notes that the grievance which BCDC officials removed from his August 1, 2012, mailing had been mailed to the KDOC. [*Id.*, §IV (C)(4)(f)]

Nichols seeks $150,000 in compensatory damages and injunctive relief in the form of an order directing the KDOC to provide the BCDC staff with better training and handbooks which instruct them how to properly operate a county jail.

## DISCUSSION

Given Nichols's conflicting comments about exhaustion efforts, and affording Nichols leniency because he does not have an attorney, the Court will treat his claims as exhausted and address them on the merits. Because Nichols's claims are deficient on their merits, however, they will be dismissed with prejudice.

Nichols first alleges that the opening, reading, and handling of his returned mail by BCDC officials on or about August 28, 2012, violated his constitutional

4

rights. Nichols can not recover damages from the BCDC based on the alleged opening of his mail on August 28, 2012, because municipal departments, such as jails, are not "persons" subject to suit under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *see also Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (Table) (holding that the Shelby County jail is not an entity subject to suit under § 1983); *Chism v. Christian County Jail*, No. 5:10-CV-88-R, 2010 WL 3947504 (W.D. Ky. October 7, 2010) (same, as to Christian County Jail); *Wilkey v. Adams*, No. 5:07-CV-P61, 2008 WL 2743939, at *4 (W. D. Ky., July 11, 2008) (same, as to the McCracken County Jail).

Further, inmates retain the right under the First Amendment to receive mail, but that right is more limited in scope than the constitutional rights held by individuals in society at large. *Shaw v. Murphy*, 532 U.S. 223, 228–29 (2001); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Courts do distinguish between legal mail and non-legal mail. *Jackson v. Williams*, No. 1:11-CV-01841, 2011 WL 6326123, at *2 (N.D. Ohio December 16, 2011). As a general matter prison officials may open, inspect, and read non-legal mail pursuant to a uniform and evenly applied policy in order to maintain the safety of staff and inmates and the security of the facility, prevent escape plans, and prevent prisoners from accessing inflammatory materials or other forms of contraband. *See Turner*, 482

5

U.S. at 92; *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993); *Young v. Weathersby*, No. 1:09–CV–67, 2010 WL 3909463, at * 8 (W.D. Mich. Sept.15, 2010).

Legal mail is given much greater protection from unreasonable intrusion than non-legal mail. *See e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). Legal mail is defined as mail received from elected officials and government agencies including the courts, *Muhammad v. Pitcher*, 35 F.3d 1081, 1984–85 (6th Cir. 1994), and mail sent to and from an inmate's attorney, *Sallier*, 343 F.3d at 875-77; *Kensu*, 87 F.3d at 174. Courts carefully scrutinize policies giving prison officials unfettered discretion to open and read "legal mail" because such correspondence implicates the attorney-client privilege and the prisoner's right of access to the courts. *Id.* Prison officials may open, read, and inspect legal mail for contraband only in the prisoner's presence, but a prisoner must request special handling of his legal mail. *Sallier,* 343 F.3d at 875.

Whether a particular piece of mail is "legal mail" is a question of law which the Court must determine. *Id.* at 871. Based on Nichols's description of his August 1, 2012, mailing, none of its contents could broadly be considered "legal mail" entitled to special protections under the First Amendment. Therefore, the fact that unidentified BCDC officials opened Nichols's incoming mail - which originated as

his own outgoing mail - when it was returned for insufficient postage did not violate Nichols's First Amendment rights. *See Nicklay v. Brand*, No. 1:08CV330, 2008 WL 4738386, at *2 (W.D. Mich. Oct. 27, 2008) (dismissing prisoner's First Amendment claims where he neither requested special handling of his legal mail nor alleged that his incoming mail was from a court or attorney or otherwise qualified as confidential legal mail which would implicate First Amendment rights).

Nichols's second claim, that unidentified BCDC deputies subjected him to verbal racial harassment, fails because "...the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of a viable constitutional claim." *Williams v. Johnson*, 55 F. App'x 736, 737 (6th Cir. 2003); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987).

Nichols's third claim, that he was placed in solitary confinement "...for talking about what jail administration didn't want to hear...." [D. E. No. 1, p. 8, § VI] does not suffice as the basis of a retaliation claim. The First Amendment forbids retaliation against a prisoner for exercising his or her constitutional rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To establish a First Amendment retaliation claim, the plaintiff must prove that: 1) he engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct;

7

and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct. The plaintiff has the burden of proof on all three elements. *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003); *Green v. Tudor*, 685 F. Supp. 2d 678, 692 (W.D. Mich. 2010).

Nichols has not established the first element of a construed retaliation claim, *i.e.*, he did not allege that BCDC officials placed him in solitary confinement because he was engaged in constitutionally protected conduct, such as filing non-frivolous grievances, observing his religious beliefs, or accessing his right to the courts. Nichols may have filed a non-frivolous grievance raising the unidentified topic, but he did not specify that fact - or any other legitimate possibility - in his complaint. Nor did Nichols state when he was placed in solitary confinement, by whom, or for how long. He merely alleged that he was "talking about" some unidentified topic about which BCDC officials did not want to hear. This vague and broad allegation requires the Court to speculate as to why Nichols was placed in solitary confinement. A plaintiff asserting claims under § 1983 must provide some factual basis for his or her claims, and mere conclusory allegations of unconstitutional conduct are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Maldowan v. City of Warren*, 578 F.3d 351, 390–91 (6th Cir. 2009); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). A district court is not required to

8

conjure up facts to support vague and conclusory claims. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

This is particularly true where a prisoner alleges retaliation. "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Moore v. Michigan Dept. of Corrections*, No. 1:07–CV–756, 2009 WL 2170369, at *3 (W.D. Mich. July 21, 2009) (citing *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)). In *Moore*, the court dismissed the prisoner's retaliation claim because he did not demonstrate that he had participated in any protected activity that would serve as the basis for his First Amendment retaliation claim. *Moore*, 2009 WL 2170369, at *3. The court stated that "Plaintiff alleges that the retaliation arose from an unspecified issue raised at the warden's forum. He fails to identify the issue raised or even the date of the forum." *Id.* The same rationale applies to Nichols's construed retaliation claim.

Nichols might have filed a grievance complaining about alleged verbal harassment from BCDC deputies when he was placed in solitary confinement, but even if that were the case, verbal abuse can not be the basis of a constitutional violation. *See Ivey*, 832 F.2d at 954-55. Thus, if Nichols filed a grievance

9

complaining about alleged derogatory racial comments, his grievances would have been frivolous and could not have formed the basis of a First Amendment retaliation claim. *See Scott v. Kilcherman*, No. 99-1711, 2000 WL 1434456 (6th Cir. Sept. 18, 2000) (holding that prisoner's frivolous grievance would not support a First Amendment retaliation claim). An inmate has a First Amendment right to file grievances against prison officials, but that right is protected only if the grievances are not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2010).

Nichols might also have filed a grievance complaining about the opening and handling of his returned mail on August 28, 2012. As the Court has explained that the mail room staff's action in this respect did not violate Nichols's constitutional rights, any grievance complaining of this conduct also could not have been the foundation of a retaliation claim.

Finally, Nichols might have been placed in solitary confinement because he committed some type of disciplinary infraction. If that were the case, he has again failed to establish a retaliation claim. "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Thaddeus-X*, 175 F.3d at 395.

Even under the liberal pleading standards afforded to litigants proceeding without an attorney, Nichols has not stated a retaliation claim relating to his

confinement in solitary confinement. Nichols's construed First Amendment retaliation allegation will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The 42 U.S.C. § 1983 complaint [D. E. No. 1] filed by Nathan Joel Nichols, Sr., is **DISMISSED WITH PREJUDICE**;

2. The Court will enter an appropriate judgment; and

3. This action is **STRICKEN** from the active docket.

This March 11, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge